## CORY v. NEWTON.

CONTRACTS—CONSIDERATION.
If a party who has employed another to do certain work causelessly, while the work is in progress and before completion orders it stopped, but promises to pay the amount originally agreed upon, his liability is the same as if the work had been finished, and that liability is a sufficient consideration for the promise to pay.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN S. MOSBY, JR., for appellant.

Messrs. TALBOT & DENISON, for appellee.

THOMSON, J., delivered the opinion of the court.

The appellee brought this suit to recover for his services in circulating a petition for the paving of 19th street, in the city of Denver, with asphalt. He alleged that he was employed by the defendant to circulate the petition, and that the defendant promised him that in case he procured the signatures of the owners of a majority of the frontage on that street to the petition, and the contract for laying the pavement was awarded to The Colorado Paving Company, in whose employ the defendant was, he, the defendant, would pay to the plaintiff two and one half cents per square yard for each yard of asphalt laid by the company, when he, the defendant, should receive his commission thereon. The plaintiff alleged further that he had procured a large number of the required signatures, and was ready, able and willing to procure the residue, when the plaintiff directed him to proceed no farther in the matter, and promised to pay him the amount originally agreed upon, notwithstanding the requisite signatures were not procured; that thereupon, the plaintiff, at the request of the defendant, delivered him the petition with the signatures which had been already procured, and did no more work under his employment; that the paving contract was afterwards awarded to the defendant's company, and that the defendant received his commission. The plaintiff fixed the value of his services at $337.

The answer admitted the employment and agreement as to compensation, but alleged that the payment to the plaintiff was contingent upon the procuring of the signatures, and the award of the contract to the company under the petition which the defendant undertook to circulate. It denied that the defendant ever directed the plaintiff to procure no more signatures, denied the alleged subsequent promise to pay notwithstanding the signatures were not procured; and averred that the contract was awarded to the defendant's company upon a similar petition presented by The Blake Asphalt Company, and not upon the petition which plaintiff had.

The testimony of the plaintiff accorded substantially with the statements of his complaint. In the matters wherein their pleadings disagree, the testimony of the plaintiff and that of the defendant conflicted; but the facts were settled in the plaintiff's favor by the verdict of the jury. The petition the plaintiff was circulating designated the material to be used in paving as "Trinidad Lake Asphalt," and it appears that all of that particular material was controlled by The Colorado Paving Company. The defendant claimed that he had received information that the petition he had furnished the plaintiff would not be considered by the board of public works, because it specified material which was in the exclusive control of The Colorado Paving Company, and its acceptance would prevent competition among bidders for the work; and for this reason he concluded it would be useless to proceed any further with that petition, and so notified the plaintiff. It is argued that it was not the defendant who prevented the plaintiff from completing his work, but that he ceased work on account of the fact that it became apparent that the work would result in nothing; and that therefore the promise of payment made after cessation of the work from that cause was without consideration. It is also contended that by the terms of the agreement the plaintiff was to receive nothing unless he procured the requisite number of signatures to the petition, and unless the contract was awarded to the defendant's company under that petition. The plaintiff did not procure sufficient signatures, and the company did not obtain the contract under that petition. Hence, it is said, the plaintiff is entitled to nothing. The evidence that the board of public works would not have received that petition consisted of hearsay, and proves nothing. But whether it would have considered the petition or not is unimportant. If the defendant employed the plaintiff to do certain work, and afterwards causelessly ordered it stopped while the plaintiff was engaged in its performance, and before its completion, the defendant's liability would be the same as if the work had been finished, and that liability would constitute an all-

sufficient consideration for the promise. If, however, the work was stopped because it was useless to continue it on account of the character of the petition, then we are confronted with this state of facts, that the defendant provided the plaintiff with a petition which could accomplish nothing, and bound him to conditions which, through the defendant's own fault, were impossible of fulfillment. The defendant was responsible for the form and contents of the petition, the vice which inhered in it was due to him, the plaintiff accepted the employment, and entered upon it in good faith, but while engaged in it was directed to desist, because his work would be abortive on account of something the defendant himself, whether wittingly or not, had done. These facts constituted a perfect consideration for the promise. The defendant cannot be heard to say that because the petition which he fathered would have been ineffectual to obtain the contract, and because for that reason the contract was not procured under it, therefore the plaintiff failed in the fulfillment of his agreement, and the subsequent promise to him was without consideration.

The defendant's company obtained the contract, and the defendant received his commission, in pursuance of another petition, which was presented and accepted; the result was therefore the same as if the defendant's petition had been successful; and the conditions upon which the plaintiff accepted the employment were literally fulfilled, except in so far as the defendant himself made them impossible of fulfillment.

No errors were committed in receiving or excluding evidence, the instructions submitted the questions involved fairly, and the judgment must be affirmed.

*Affirmed.*